# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROBERT BOEHME,

      Petitioner,                  Civil Case No. 8:25-cv-2350-TPB-AEP

v.                                Crim. Case No. 8:20-cr-255-TPB-AEP

UNITED STATES OF AMERICA,

      Respondent.

_____/

# O R D E R

Robert Boehme moves under 28 U.S.C. § 2255 to vacate his convictions for receipt and possession of child pornography, for which he serves 327 months. (Civ. Doc. 1; Crim. Doc. 83) Boehme claims that counsel rendered constitutionally ineffective assistance (1) by not appealing despite Boehme's request that counsel file a notice of appeal, (2) by not reviewing discovery materials with him, (3) by abandoning him, (4) by not filing a motion to suppress, and (5) by not advancing specific objections or mitigating evidence at sentencing. (Civ. Doc. 1) Boehme moves the Court to grant his § 2255 motion to allow him an out-of-time appeal. (*Id.* at 12)

In support his claims, Boehme submits a sworn affidavit in which he avers that "[a]t the end of the sentencing, [he] mentioned to [counsel], 'We're appealing[,]'" to which counsel responded "'Yeah, we'll get right on that.'" (Civ. Docs. 1 at 20) However, counsel never filed a notice of appeal, and Boehme

avers he did not learn that counsel neglected to appeal until after the time for appealing expired. (*Id.* at 21)

The failure to file a requested notice of appeal is *per se* ineffective assistance of counsel, regardless of whether the appeal would have had merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000). An evidentiary hearing would be necessary for this Court to make a credibility determination as to whether Boehme either expressly directed his counsel to appeal, or reasonably demonstrated an interest in appealing such that he would have appealed given adequate consultation. Therefore, the interests of judicial economy would be best served by this Court granting the motion to vacate, but only to the extent that Boehme would be afforded an out-of-time appeal pursued by appointed counsel.

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), instructs that, if an out-of-time appeal is the remedy warranted in a § 2255 proceeding, that remedy should be granted as follows: "(1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that reimposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i)."

Accordingly, Boehme's § 2255 motion (Civ. Doc. 1) to vacate, set aside, or correct his sentence is **GRANTED IN PART** as to the claim in Ground One that counsel was ineffective for not appealing.  Boehme's remaining claims are **DISMISSED WITHOUT PREJUDICE**.  *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) ("[T]he best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal.").

The Clerk is directed to (1) enter a judgment in this civil action for Boehme on Ground One, (2) file a copy of this order in the criminal action, and (3) **CLOSE** this case.  This action is **REFERRED** to the United States Magistrate Judge to appoint counsel in the criminal action under the Criminal Justice Act for the purpose of appealing.  The Court will enter an order in the criminal action vacating the judgment and will enter a new judgment with an identical sentence.  All further proceedings will occur in the criminal action.

**DONE AND ORDERED** in Tampa, Florida, this 23rd day of September, 2025.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**